**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 7, 2016

LETTER TO COUNSEL

RE: *Karen Lee Schaefer v. Commissioner, Social Security Administration*;
Civil No. SAG-15-3812

Dear Counsel:

On December 14, 2015, Plaintiff Karen Lee Schaefer petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Schaefer's reply. (ECF Nos. 17, 18, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Schaefer filed her claim on May 28, 2010, alleging a disability onset date of January 14, 2010. (Tr. 210-16). Her claim was denied initially and on reconsideration. (Tr. 115-17, 123-24). A hearing was held on November 13, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 32-65). Following the hearing, the ALJ determined that Ms. Schaefer was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 93-110). However, the Appeals Council ("AC") remanded Ms. Schaefer's case for further consideration. (Tr. 111-14). A second hearing was held on May 12, 2014. (Tr. 66-90). Following that hearing, the ALJ again determined that Ms. Schaefer was not disabled during the relevant time frame. (Tr. 9-31). This time, the AC denied Ms. Schaefer's request for review, (Tr. 1-6), so the ALJ's 2014 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Schaefer suffered from the severe impairments of "multilevel degenerative disc disease, facet joint osteoarthritis, SI (sacroiliac joint) radiculopathy and bilateral epicondylitis in both arms." (Tr. 15). Despite these impairments, the ALJ determined that Ms. Schaefer retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) that does not require more than occasional kneeling, crawling, climbing and pushing/pulling with the hands; nor more than frequent balancing, crouching, kneeling and stooping; nor

>   more than frequent handling of objects with the right hand – that is, gross manipulation.

(Tr. 16).  After considering the testimony of a vocational expert ("VE"), the ALJ determined alternatively that Ms. Schaefer could perform her past relevant work as a clinical research coordinator, and that, therefore, she was not disabled. (Tr. 24).

   Ms. Schaefer raises two primary arguments on appeal.  First, she argues that the ALJ assigned inadequate weight to the opinions of her treating physicians that she would be unable to sustain work using her upper extremities for an eight-hour workday.  Second, she contends that the ALJ failed to rely on substantial evidence establishing her ability to perform her past relevant work.  Additionally, Ms. Schaefer requests that the Commissioner be ordered to provide her with information regarding the basis of a new award of disability, which was awarded as of the date following the ALJ's 2014 opinion.  I concur that the ALJ failed to provide substantial evidence to support a conclusion that Ms. Schaefer could perform her past relevant work.  In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Schaefer is not entitled to benefits is correct or incorrect.  Further, I decline to order the Commissioner to provide information to Ms. Schaefer regarding the basis for the subsequent award of benefits.  However, Ms. Schaefer should undertake to procure that information so that, on remand, she can effectively explore with the Commissioner whether an earlier onset date is appropriate.

   Essentially, the issue presented in this case is whether Ms. Schaefer is capable of performing her past relevant work as a clinical research coordinator, which involves significant typing, for an eight-hour workday five days per week.  As of the time this case was adjudicated, Ms. Schaefer was working in a part-time capacity in a different position, which also involved typing and office tasks. (Tr. 78). Ms. Schaefer testified that her pain "increases over the course of the day from my work," that she has to take breaks for stretching, and that she is unable to work more hours due to pain. (Tr. 73, 78). Her pain decreases with rest. (Tr. 74). After leaving work, she has to rest her arms for a couple of hours before doing any household chores. (Tr. 79). That testimony is consistent with the medical opinion evidence suggesting that Ms. Schaefer's workplace tolerance is limited to four hours per day. (Tr. 738, 751). However, the ALJ rejected the "workplace tolerance" portion of Dr. Marion's opinion, suggesting that it was "contravened by the claimant's extensive daily activities including her ability to work part-time, drive, shop and perform household chores." (Tr. 23). The ALJ did not address, however, the uncontroverted testimony that, while Ms. Schaefer was capable of doing all of the things on that list of daily activities, she needed significant amounts of rest and was incapable of sustaining activities such as typing or cleaning for an entire eight-hour workday. *See, e.g.,* (Tr. 80) ("I do clean, and that does cause pain in my arms when I clean.  I take, you know, I do that gingerly . . . [for about] an hour to two."). Essentially, the ALJ cited to no evidence supporting the proposition that Ms. Schaefer could perform her past relevant work, involving frequent typing, for the entirety of an

*Karen Lee Schaefer v. Commissioner, Social Security Administration*
Civil No. SAG-15-3812
November 7, 2016
Page 3

eight-hour workday, given her upper extremity impairments and resulting pain.[1] Remand is therefore appropriate so that the ALJ can fulfill his duty of explanation.

Additionally, the ALJ unsuccessfully attempted to distinguish the result of Ms. Schaefer's worker's compensation case by asserting, "Workers' compensation cases look only at the claimant's ability to return to the job being performed at the time of a purported injury." (Tr. 23). Typically, in a Social Security disability case, the issue is whether a claimant can perform any work, not just a particular position, so the situation is easily distinguishable from workers' compensation. In the unique circumstance presented here, however, Ms. Schaefer would be deemed disabled, pursuant to the Medical-Vocational Guidelines, unless she were able to return to her past relevant work, which is also the job she was performing at the time of her purported injury. *See* 20 C.F.R. pt. 404, Subpt. P, App. 2, §§ 201.14 and 201.06. Thus, the inquiry here is the same inquiry performed by workers' compensation, and the findings made by workers' compensation cannot be distinguished on those grounds.

For the reasons set forth herein, Ms. Schaefer's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED. The Commissioner's judgment is REVERSED IN PART and REMANDED for further explanation pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                            Sincerely yours,

                            /s/

                            Stephanie A. Gallagher
                            United States Magistrate Judge

---

[1] Two non-examining physicians believed Ms. Schaefer to be capable of work at greater exertional levels. (Tr. 505-12, 571-78). However, the ALJ recognized that those opinions suggested a greater degree of physical capability than that supported by the medical records. (Tr. 23). Also, as the ALJ recognized in connection with a different medical opinion, those two opinions pre-dated "the claimant's subsequent complaints and treatment for recurring pain." (Tr. 22).