UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 5, 2018

LETTER TO COUNSEL

RE: *Karen Lee Schaefer v. Commissioner, Social Security Administration*;
Civil No. SAG-15-3812

Dear Counsel:

Arjun K. Murahari, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 406(b), in conjunction with his representation of Karen Schaefer before this Court. [ECF No. 24]. In response, the Commissioner asked this Court to consider whether Mr. Murahari's requested amount constitutes a reasonable fee. [ECF No. 25]. I have considered those filings. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Murahari's motion for attorney's fees is GRANTED.

Pursuant to her fee agreement, Ms. Schaefer agreed to pay Mr. Murahari for services rendered "Twenty-Five (25%) of all retroactive benefits to which [she] may become entitled." [ECF No. 24-3]. Ms. Schaefer was awarded $108,133.00 in past due benefits. [ECF No. 24]. Twenty-five percent of that figure equals $27,033.25. Because Mr. Murahari has already received $5,200.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), [ECF No. 23], he has agreed to reimburse to Ms. Schaefer the attorney's fees received under the EAJA, should he receive the full amount of attorney's fees he requests pursuant to the SSA. [ECF No. 24]; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The SSA authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. As discussed above, in this case, Mr. Murahari and Ms. Schaefer entered into a contingent fee agreement, by which Ms. Schaefer agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which she might become entitled. [ECF No. 24-3]. In a previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted an itemized report documenting the 29.25 hours he expended before this Court in Ms. Schaefer's case. [ECF No. 21-7]. If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court will effectively total $924.21 per hour. [ECF Nos. 21 at 1; 24]. Mr. Murahari must therefore show that an effective rate of $924.21 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative received." *Id.* Courts in the Fourth Circuit have approved contingency fee agreements that produce similar hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.70); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Colvin*, Civil No. SAG-12-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). Although Mr. Murahari's requested rate exceeds the typical rate awarded by this Court for attorney's fees in Social Security appeals, this case presents a set of factual circumstances which allow me to conclude that the rate is warranted.

With respect to the results that Mr. Murahari's representation obtained, I note not only that Ms. Schaefer's case was remanded to the Agency, but also that the Court found remand appropriate based on a clearly articulated argument regarding her ability to perform her past relevant work, which was raised in Ms. Schaefer's initial Motion for Summary Judgment and was fully supported by references to the objective record. *See Kotofski v. Astrue*, No. CIV. SKG-09-981, 2012 WL 6136361, at *2 (D. Md. Dec. 10, 2012) (reducing counsel's recovery under contingent fee agreement because counsel's argument was "not clearly articulated and not fully supported by record references . . . and [was] mentioned only briefly in his response, not in its initial memorandum"). On remand, Ms. Schaefer then received a fully favorable decision and was found disabled as of January 14, 2010. [ECF No. 24-1 at 1, 13].

Turning to the character of Mr. Murahari's representation, I note that Mr. Murahari's performance in this case was both highly effective and highly efficient. Ms. Schaefer obtained a finding of disability as a result of Mr. Murahari's dedicated efforts over the nearly two-year period it took to complete the appeal. There is no doubt that Mr. Murahari's extensive experience in handling social security cases contributed to the result achieved for Ms. Schaefer. Likewise, completing the proceedings in approximately two years, Mr. Murahari "has not delayed proceedings so as to increase the amount of past-due benefits." *Melvin*, 2013 WL 3340490, at *3. Thus, the award need not be reduced due to any delay in the litigation. *See Gisbrecht*, 535 U.S. at 808; *Bowser v. Astrue*, No. PWG-09-969, 2011 WL 673767, at *2 (D. Md. Feb. 17, 2011). Finally, I note that, in addition to the parties' fee agreement, Ms. Schaefer has indicated to Mr. Murahari that she is aware that the attorney's fees likely were not withheld from the benefits she received in December, 2017, and that she is willing to pay to Mr. Murahari twenty-five percent of the sum received, less the fees previously paid pursuant to the EAJA. [ECF No. 24 at 1-2]; *see Bowser*, 2011 WL 673767, at *3 (according "some weight" to the claimant's consent to the fee requested). Indeed, "Social Security representation operates largely on a contingency fee basis," *Gisbrecht*, 535 U.S. at 804, which "provide[s] access to counsel for individuals," like Ms. Schaefer, "who would otherwise have difficulty obtaining representation," *In re Abrams & Abrams*, *P.A.*, 605 F. 3d 238, 245 (4th Cir. 2010). Accordingly, given Mr.

*Karen Lee Schaefer v. Commissioner, Social Security Administration*;
Civil No. SAG-15-3812
February 5, 2018
Page 3

Murahari's extensive experience and the unique circumstances of this case, the fee requested by Mr. Murahari is reasonable.

    For the reasons set forth herein, Mr. Murahari's motion for attorney's fees [ECF No. 24] will be GRANTED and he will be awarded $27,033.25. Mr. Murahari is directed to reimburse to Ms. Schaefer the $5,200.00 in fees he received pursuant to the EAJA. The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                          Sincerely yours,

                            /s/

                          Stephanie A. Gallagher
                          United States Magistrate Judge